UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY BARREN, | ) |
|                  Plaintiff, | ) No. 13 CV 4390 |
| v. | ) Magistrate Judge Young B. Kim |
| NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, | ) |
|                  Defendant. | ) February 23, 2015 |

**MEMORANDUM OPINION and ORDER**

Before the court is the motion of Plaintiff Kimberly Barren, proceeding *pro se*, to supplement her amended complaint pursuant to Federal Rule of Civil Procedure 15(d). For the following reasons, Barren's motion, treated as a motion to amend under Rule 15(a), is granted:

**Background**

On June 13, 2013, Barren filed a four-count complaint against Northeast Illinois Regional Commuter Railroad Corporation ("Metra") alleging discrimination under Title VII. (R. 1.) On February 14, 2014, Barren filed an amended complaint, adding a fifth count. (R. 41.) Then, on January 29, 2015, Barren filed the current motion seeking to supplement her amended complaint to add a sixth count for breach of contract. (R. 73, Pl.'s Mot.; *see also* R. 77, Pl.'s Suppl. Compl.) Barren claims that she did not learn of the information supporting her contract claim until after she filed her amended complaint. (R. 73, Pl.'s Mot. ¶ 2.) Metra opposes the

motion, arguing that Barren's request is untimely and that adding a new claim at this stage unduly delays the resolution of this proceeding. (R. 83, Def.'s Resp. ¶¶ 6, 9.)

**Analysis**

Pursuant to the operation of Federal Rules of Civil Procedure 15(a) and 18(a), a plaintiff may amend her complaint and join together in a single complaint as many claims as she has against a defendant. A plaintiff may also supplement her complaint to include events that occurred after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). The court treats Barren's motion as a motion to amend under Rule 15(a), not a motion to supplement under Rule 15(d), because it is unclear whether her new claim involves "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.*; *see also Jude v. City of Milwaukee*, 573 Fed. Appx. 601, 602 (7th Cir. 2014) (distinguishing Rule 15(a) from Rule 15(d) because the latter applies to allegations about events occurring after the first pleading was filed); *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (same). More specifically, Barren's new claim makes reference to "the continuation of violations" previously alleged, but involves a contract that was signed in 2012. (R. 77, Pl.'s Suppl. Compl. ¶ 87.) At any rate, the distinction between Rules 15(a) and 15(d) is not material here because the standard the court must apply in determining whether to permit the addition of a claim is the same under either rule. *See Jude*, 573 F. Appx. at 602; *Glatt*, 87 F.3d at 194.

Courts should not deny leave to amend on the basis of "mere technicalities." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Such leave must be freely granted unless the court determines the amendment presents "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182. A district court has broad discretion in allowing or denying amendments. *See Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008). Delay, on its own, is generally insufficient to deny leave for a motion to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004). District courts will typically inquire into whether the delayed amendment will unduly prejudice the non-moving party. *Id*. at 792-93.

In her proposed supplemental claim, Barren alleges that Metra failed to comply with the terms of an October 2012 settlement agreement the parties executed in connection with an EEOC charge that she filed against Metra back in 2012, specifically Sections 7.C.3, 7.C.4, and 7.C.7 of the agreement. (R. 77, Suppl. Compl. ¶¶ 85-86.) These sections provide that Metra agreed to issue, within 10 business days of receiving the fully executed agreement, special written instructions and hold discussions with its employees on FMLA responsibilities, the need to timely process FMLA requests, and the need to treat medical information as confidential. (Id., Ex. 1, at 2-3.) The agreement was fully executed on October 2, 2012. (Id. at 3.) Metra argues that Barren's attempt to supplement her amended

3

complaint is untimely because she knew of these facts underlying her proposed supplemental claim prior to filing her complaint in June 2013 and her amended complaint in February 2014. (R. 83, Def.'s Resp. ¶ 6.)

This court finds that Barren did not unduly delay in seeking leave to amend her complaint. The court recognizes that Barren's motion to amend does occur late in this proceeding, coming 18 months after the filing of the original complaint and 11 months after the filing of her amended complaint. (R. 1, 41.) Also, written discovery closed in June 2014, and Barren reported being complete with oral discovery in November 2014. (R. 57, 63.) The only remaining discovery in this case are the depositions of two third-party witnesses, Barren's mother and daughter, (R. 69), and their depositions have been stayed because Barren has asked for time to retain new counsel, (R. 85). However, according to Barren, she did not become aware of Metra's alleged breach of contract until she deposed Metra employees during discovery in this case after she filed her amended complaint. (R. 73, Pl.'s Mot.; R. 77, Suppl. Compl. ¶ 86.) When a plaintiff discovers the necessary elements of a claim during discovery, amending the complaint to add a new claim may be permissible. *Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992).

In opposing the motion, Metra relies on *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012), in which the Seventh Circuit affirmed the district court's decision to deny an amendment where the amendment included a new claim that arose directly out of the events of the original complaint but on which the original complaint was silent. However, *Tribble* is distinguishable because there, given the

nature of the new claim, the plaintiff knew of the necessary facts before he filed his original complaint. Also, the futility of the amendment, coupled with the plaintiff's delay in waiting until one week before the close of discovery to seek leave to amend, led the district court to deny the motion in *Tribble*. *Id*. Likewise, in *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009), another case cited by Metra, the court found that undue delay would prejudice the defendants where three days before the close of discovery, the plaintiff sought to add 11 claims and an additional defendant. Here, by contrast, Barren's motion to add a new claim does not appear to be a delay tactic and the amendment is neither futile nor obfuscatory. Nor is Barren's amendment unduly prejudicial to Metra. Both sides advised the court during the status hearing on February 17, 2015, that they do not require additional discovery to prosecute or to defend the new claim if it is added.

Moreover, underlying the federal court's pendent jurisdiction over state causes of action are the principles of judicial economy and convenience to litigants. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966). Denying Barren's motion to add the breach of contract claim would not resolve the claim but would instead force Barren to file the claim in state court, unnecessarily duplicating litigation efforts. For the sake of efficiency, Barren's motion is granted and Count VI is added to the amended complaint.

## Conclusion

For the foregoing reasons, Barren's motion to further amend her amended complaint to add Count VI is granted.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**